UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:24-CV-61817-SMITH/HUNT

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

TREBOR USA CORP., COLT TRUCK
CARE, LLC, and WHOLESALE
BUILDING PRODUCTS, LLC,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Trebor USA Corp. ("Trebor"); Colt Truck Care, LLC ("Colt"); and Wholesale Building Products, LLC ("Wholesale") (collectively, "Defendants"), by and through their undersigned counsel, hereby serve their Answer and Affirmative Defenses to the Complaint (the "Complaint") filed by Plaintiff, U.S. Equal Employment Opportunity Commission ("Plaintiff") on behalf of Rafael Pintos ("Pintos") and a proposed class of other unidentified but purportedly aggrieved employees, and, in support thereof, state as follows:

In response to the unnumbered paragraph preceding Paragraph 1 of the Complaint, Defendants aver that Plaintiff brought this action against Defendants. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

Although Defendants are filing one Answer, Defendants do not waive any defense to the integrated enterprise theory and filing one Answer shall not be construed as an admission that Defendants are an integrated enterprise.

## **JURISDICTION AND VENUE**

1.      Defendants state that the allegations set forth in Paragraph 1 are legal conclusions and that no further response is required. To the extent a response is required, the allegations are denied. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

2.      Defendants admit that they conduct business within the jurisdiction of the United States District Court for the Southern District of Florida.  Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint.

## **PARTIES**

3.      Defendants state that the allegations set forth in Paragraph 3 call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. Defendants further deny that Plaintiff is entitled to any of the damages and relief sought and that Defendants violated Pintos' rights under federal or state law.

4.      Defendants admit that Trebor is a Florida corporation authorized to conduct business in Florida.  The remaining allegations set forth in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

5.      Defendants admit that Colt is a Florida limited liability company authorized to conduct business in Florida.  The remaining allegations set forth in Paragraph 5 of the Complaint

call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

6. Defendants admit that Wholesale is a Florida limited liability company authorized to conduct business in Florida.  The remaining allegations set forth in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Sentences 1, 2, and 4 of Paragraph 8 of the Complaint.  Defendants admit the allegations set forth in Sentences 3 and 5 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit that Emilie Vinet is Vice President of Trebor, Colt, and Wholesale.  Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit that they share the same registered agent.  Defendants deny the remaining allegations set forth in Paragraph 13 of the Complaint.

## ADMINISTRATIVE PROCEDURES

14. Defendants admit that Pintos filed Charges against Trebor and Colt as set forth in Paragraph 14 of the Complaint.  Defendants deny that Pintos filed a Charge against Wholesale, or that Pintos is entitled to any of the damages and relief sought and that Defendants violated Pintos' rights under federal or state law.

15. Defendants admit that the Commission issued Letters of Determination finding reasonable cause to believe that Defendants violated Title VII.  Defendants deny that Plaintiff,

CASE NO.: 0:24-CV-61817-SMITH/HUNT

Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

16. Defendants admit that the Commission issued Notices of Failure of Conciliation. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

17. Defendants state that the allegations set forth in Paragraph 17 call for a legal conclusion and that no further response is required. To the extent a response is required, the allegations are denied.

## STATEMENT OF FACTS

### Rafael Pintos

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, deny the same.

19. Colt admits that it hired Pintos as a mechanic on December 12, 2022. Defendants deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, deny the same.

21. Colt admits that Pintos was interviewed by Adam "Doug" Blouin ("Blouin"), but denies that Blouin was employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, deny the same.

23. Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Colt denies the allegations set forth in Paragraph 29 of the Complaint.  Pintos, Blouin, and Seth Denny ("Denny") were not employed by Trebor and/or Wholesale and, as such, are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and, therefore, deny the same.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Colt denies the allegations set forth in Paragraph 31 of the Complaint.  Pintos and Blouin were not employed by Trebor and/or Wholesale and, as such, are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and, therefore, deny the same.

32. Colt denies the allegations set forth in Paragraph 32 of the Complaint.  Pintos and Blouin were not employed by Trebor and/or Wholesale and, as such, are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and, therefore, deny the same.

33. Colt avers that Pintos made a complaint regarding Blouin, but denies that Blouin made comments or treated Pintos differently as alleged in Paragraphs 24 through 32 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale and, as such, are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and, therefore, deny the same. Defendants deny the remaining allegations set forth in Paragraph 33 of the Complaint.

34. Defendants admit that Denny referred Pintos to human resources, but deny that any harassment occurred as well as the remaining allegations set forth in Paragraph 34 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 34 of the Complaint.

35. Defendants state that Pintos made a complaint regarding Blouin, but deny that Blouin made comments or treated Pintos differently as alleged in paragraphs 24 through 32. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint. Denny and Blouin were not employed by Trebor and/or Wholesale and, as such, are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, deny the same.

37. Defendants admit that Blouin received a prior disciplinary notice, but deny that Blouin made comments or treated Pintos differently as alleged in Paragraphs 24 through 32 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendants admit that an investigation was conducted into Pintos' complaint, but deny Blouin made the alleged comments and/or treated Pintos differently as alleged in Paragraphs 24 through 32 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in the Complaint.

39. Defendants admit that Pintos and Blouin were interviewed, but deny that Blouin made the alleged comments and/or treated Pintos differently as alleged in Paragraphs 24 through 32 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 39 of the Complaint.

40. Defendants admit that Tamboles disclosed to Blouin that Pintos had made certain allegations against him, but deny that Blouin made the alleged comments and/or treated Pintos differently as alleged in Paragraphs 24 through 32 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendants admit that Blouin received a warning, but deny that Blouin made the alleged comments and/or treated Pintos differently as alleged in Paragraphs 24 through 32 of the Complaint. Blouin was not employed by Trebor and/or Wholesale. Further, Tamboles did not issue the warning. Defendants deny the remaining allegations set forth in Paragraph 41 of the Complaint.

42. Colt denies the allegations set forth in Paragraph 42 of the Complaint as stated. Blouin was not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 42 of the Complaint.

43. Colt denies the allegations set forth in Paragraph 43 of the Complaint. Blouin was not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 43 of the Complaint.

44. Colt denies the allegations set forth in Paragraph 44 of the Complaint and further states that Pintos began reporting directly to Seth Denny. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 44 of the Complaint.

45. Colt denies the allegations set forth in Paragraph 45 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 45 of the Complaint.

46. Colt denies the allegations set forth in Paragraph 46 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 46 of the Complaint.

47. Colt denies the allegations set forth in Paragraph 47 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale and, as such, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and, therefore, deny the same. Defendants deny the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint as stated. Pintos was not employed by Trebor and/or Wholesale.

49. Colt admits Pintos' employment was terminated, and further state that such termination was for performance-related issues. Defendants further admit that Ms. Vinet

communicated the termination decision. Defendants deny Pintos was terminated for making a complaint, and further deny the remaining allegations set forth in Paragraph 49 of the Complaint.

50. Colt admits it terminated Pintos' employment for performance issues and due to lacking the requisite experience for his position, but denies he was terminated for making a complaint, and denies the remaining allegations set forth in Paragraph 50 of the Complaint. Pintos was not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 50 of the Complaint.

51. Colt avers that Pintos represented his experience to Colt at the time of his hiring, but denies he was terminated for making a complaint, and denies the remaining allegations set forth in Paragraph 51 of the Complaint. Pintos was not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 51 of the Complaint.

52. Colt admits the allegations set forth in Paragraph 52 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 52 of the Complaint.

53. Colt denies the allegations set forth in Paragraph 53 of the Complaint. Pintos was not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 53 of the Complaint.

54. Colt denies the allegations set forth in Paragraph 54 of the Complaint. Pintos and Blouin were not employed by Trebor and/or Wholesale. Defendants deny the remaining allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny that they engaged in any improper conduct and further deny that Pintos is entitled to any relief. Defendants deny the remaining allegations set forth in Paragraph 55 of the Complaint.

CASE NO.: 0:24-CV-61817-SMITH/HUNT

**Class Allegations**

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

57. Colt denies the allegations set forth in Paragraph 57 of the Complaint. Blouin was not employed by Trebor and/or Wholesale. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

58. Colt denies the allegations set forth in Paragraph 58 of the Complaint. Blouin was not employed by Trebor and Wholesale. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

59. Colt denies the allegations set forth in Paragraph 59 of the Complaint. Blouin was not employed by Trebor and Wholesale. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

60. Colt denies the allegations set forth in Paragraph 60 of the Complaint. Blouin was not employed by Trebor and Wholesale. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

61. Colt denies the allegations set forth in Paragraph 61 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

62. Colt denies the allegations set forth in Paragraph 62 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

63. Colt denies the allegations set forth in Paragraph 63 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

64. Colt denies the allegations set forth in Paragraph 64 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

65. Colt denies the allegations set forth in Paragraph 65 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

66. Colt denies the allegations set forth in Paragraph 66 of the Complaint. Defendants deny that Plaintiff, Pintos, or any class members are entitled to any of the damages and relief sought and that Defendants violated Pintos or any class members' rights under federal or state law.

## STATEMENT OF CLAIMS

### Count I: Hostile Work Environment (Rafael Pintos)

67. As set forth in Paragraphs 18 through 55 as if fully set forth herein, Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint and deny that Pintos is entitled to any relief.

## Count II: Hostile Work Environment (Class Members)

71. As set forth in Paragraphs 56 through 66 as if fully set forth herein, Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint, and deny that the putative class members are entitled to any relief.

## Count III: Retaliation (Rafael Pintos)

75. As set forth in Paragraphs 33 through 55 as if fully set forth herein, Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint, and deny that Pintos is entitled to any relief.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 78 of the Complaint, including sub-Paragraph A through G thereto, Defendants deny that they violated Pintos' rights and/or the rights of any putative class members, and deny that Plaintiff is entitled to any of the relief sought therein.

CASE NO.: 0:24-CV-61817-SMITH/HUNT

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a trial by jury but denies that there are any issues so triable.

## GENERAL DENIAL

Defendants deny each and every allegation set forth in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendants, without conceding that they have the burden of proof subject to applicable law, allege the following:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted to the extent Plaintiff failed to allege each element of his claims or failed to provide legally sufficient factual details to support his conclusory allegations.

## SECOND AFFIRMATIVE DEFENSE

Defendants have made good-faith efforts to prevent discrimination and retaliation in the workplace and, thus, cannot be held liable for the decisions of their respective agents, to the extent the challenged employment decisions were contrary to their respective efforts to comply with anti-discrimination/anti-retaliation statutes.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's discrimination and retaliation claims and/or the claims of the putative class members are barred, in whole or in part, because Defendants' decision to terminate Pintos' employment and any other adverse employment actions taken against him and/or the putative class members were based on legitimate, nondiscriminatory/non-retaliatory business reasons.

CASE NO.: 0:24-CV-61817-SMITH/HUNT

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's discrimination and retaliation claims and/or the claims of the putative class members are barred on the ground that, even if any acts concerning Plaintiff and the putative class members were based in part on improper motives, which they were not, the same decision would have been reached, absent any consideration of Pintos' and the putative class members' race, national origin and/or any protected activity.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for Pintos' failure to exhaust administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that any part of Plaintiff's claims and/or the claims of the putative class members are based on any action or omission that occurred outside of the applicable statute of limitations, those claims are barred, in whole or in part, by the applicable limitations periods.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that discovery reveals evidence of wrongdoing by Pintos and/or the putative class members that would serve as a basis for his termination or any other adverse employment action, Plaintiff and the putative class members are barred from recovery pursuant to the after-acquired evidence doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the claims of the putative class members are barred, in whole or in part, from the relief Plaintiff seeks by virtue of the following:

    a.    the doctrine of estoppel, or

      b.      the improper actions of Pintos and/or the putative class members in failing to comply with Defendants' policies and the directives of her superiors.

In more detail, if the facts reveal that Pintos and/or the putative class members violated established policies of Defendants with regard to employment and scheduling, they should be estopped from recovering on any claim related to such violation of policy or from asserting a claim for liquidated damages.

For the same reason, Plaintiff's claims and/or the claims of the putative class members are barred, in whole or in part, by the doctrine of unclean hands, consent, and/or mistake.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's discrimination and retaliation claims and/or the claims of the putative class members fail and his/their recovery of damages is limited because Defendants exercised reasonable care to prevent and promptly correct any discriminatory and/or retaliatory behavior in the workplace, and Pintos and/or the putative class members unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise because he failed to complain about any perceived discrimination and/or retaliation to Defendants before his termination.

## TENTH AFFIRMATIVE DEFENSE

Recovery by Plaintiff and/or Plaintiff's damages, as well as the damages of the putative class members, if any, must be offset by: (1) any amounts Defendant paid them for hours that were not actually worked by Plaintiff; (2) any other overpayments made by Defendant to Pintos and the putative class members; and (3) any amounts or benefits paid to Plaintiff and/or the putative class members for lost wages, compensatory damages, or fees from any other source.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages under Title VII and/or the claims of the putative class members are barred, in whole or in part, to the extent discovery reveals that he/they failed to take reasonable steps to mitigate his damages. Pintos' interim earnings or amounts he could have earned with reasonable diligence, as well as those of the putative class members, should reduce any back pay otherwise recoverable by him. In addition, such sums may also set off and reduce other claims for damages alleged by Plaintiff and/or the putative class members.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages and/or the claims of the putative class members is/are barred on the basis that, in the event Defendants violated Title VII, Defendants' actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Pintos' race, national origin, and/or any protected activity in which he engaged, as well as those of the putative class members, was/were not a motivating factor(s) in any employment action taken with respect to Pintos and/or the putative class members by Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's retaliation claim and/or the claim of the putative class members is/are barred because Plaintiff and the putative class members cannot establish a causal connection between any alleged protected activity and any materially adverse action.

CASE NO.: 0:24-CV-61817-SMITH/HUNT

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that they are not liable for any alleged wrongful action taken by employees of Defendants that were taken outside the course and scope of their duties and which were not authorized, condoned, or ratified by Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and/or those of the putative class members, if any, resulted from intervening, or superseding causes.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the alleged putative class members are not entitled to any equitable or injunctive relief because they have suffered no irreparable injury based on any alleged conduct of Defendants, and Plaintiff and/or the putative class members have an adequate remedy at law for any such alleged conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery and the recovery for the putative class are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

Assuming Wholesale is found to be an employer of Pintos, to the extent Pintos claims discrimination which occurred more than 300 days before he filed his charge of discrimination with the EEOC, such claims are time-barred.

**RESERVATION**

Defendants reserve the right to raise additional affirmative defenses as discovery may reveal additional information.

CASE NO.: 0:24-CV-61817-SMITH/HUNT

WHEREFORE, having fully answered the Complaint and having raised affirmative defenses thereto, Defendants respectfully requests that this Court: (a) enter judgment in its favor and against Plaintiff; (b) award Defendants the cost of suit herein; (c) award Defendants reasonable attorneys' fees as may be determined by the Court; and (d) grant such further relief as the Court deems just and proper.

Date: October 29, 2024

Respectfully submitted,

JACKSON LEWIS P.C.

One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*s/ Scott S. Allen*
Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Ranjiv Sondhi, Esq.
Florida Bar No. 105581
Email: *ranjiv.sondhi@jacksonlewis.com*

And

Lindsey White, Esq.
(Pro Hac Vice Admission pending)
Maryland Bar ID: 0803170001
Email: *lindsey.white@jacksonlewis.com*
JACKSON LEWIS, P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Telephone: (410) 415-2000

*Counsel for Defendants*

CASE NO.: 0:24-CV-61817-SMITH/HUNT

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Scott S. Allen*
Scott S. Allen, Esq.

## SERVICE LIST

Karla Gilbride, Esq.
General Counsel
Christopher Lage, Esq.
Deputy General Counsel
Gwendolyn Y. Reams, Esq.
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

Kristen M. Foslid, Esq.
Florida Bar No. 0688681
Email: *kristen.foslid@eeoc.gov*
Regional Attorney

Erica Selig, Esq.
Florida Bar No. 0120581
Email: e*rica.selig@eeoc.gov*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Phone: (786) 648-5898

*Counsel for Plaintiff*

Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Ranjiv Sondhi, Esq.
Florida Bar No. 105581
Email: *ranjiv.sondhi@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

Lindsey White, Esq.
(*Pro Hac Vice admission pending*)
Maryland Bar ID: 0803170001
Email: *lindsey.white@jacksonlewis.com*
JACKSON LEWIS, P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Telephone: (410) 415-2000

*Counsel for Defendants*